## FRANK v NATIONAL RUBBER MACH CO

Ohio Appeals 9th Dist, Summit Co

No 2758. Decided April 1, 1936

Frank & Ream, Akron, for appellee.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for appellant.

### OPINION

By STEVENS, J.

This action, which is before this court on appeal upon questions of law and fact, is one for a mandatory injunction requiring appellant, an Ohio corporation, to permit appellee, a stockholder, to inspect appellant's books of account, its lists of stockholders and their addresses, the record of the issuance and transfer of shares, and the corporate record of the company, with the privilege of making such copies of the foregoing as appellee may desire.

The answer admits that appellee is a stockholder in the appellant company, that he has made demand for an examination of appllant's books and records, but avers that appellee's present effort to examine said books is made for unreasonable and improper purposes and sets out in detail the grounds upon which it bases that claim.

Sec 8623-63, GC, provides:

"Every corporation shall keep and maintain adequate and correct accounts of its business transactions, including accounts of its assets, liabilities, receipts, disbursements, gains, losses, stated capital and shares, together with such particular accounts as are required by this act.

"The books of account, lists of stockholders, and their addresses, records of the issuance and transfer of shares, voting trust agreements, if any are filed, and the minutes of meetings of every corporation shall be open to the inspection of every shareholder at all reasonable times save and except for unreasonable or improper purposes."

Sec 8623-32, GC, provides:

"A corporation may open transfer books in any state of the United States or in any foreign country for the purpose of transferring shares issued by it, and it may employ an agent or agents to keep the records of its shares, to transfer or to register shares or both, and the acts of such agents shall be binding on the corporation. The duties and liabilities of such agent or agents shall be such as may be agreed to by the corporation. If no such transfer agent is appointed to act in this state, a corporation shall keep an office in this state at which shares shall be transferable and at which it shall keep books in which shall be recorded the names and addresses of all shareholders and all transfers of shares."

Under the pronouncement of the Supreme Court in Development Co v Kennedy, 121 Oh St 582, the burden of establishing that the inspection sought by appellee is for "unreasonable or improper purposes" is upon the party objecting to the inspection.

The statements of Kinkade, Judge, in Development Co. v Kennedy, supra, seem to us to be entirely appropriate herein:

"There is not a shadow of doubt about who owns the property of every kind that

is possessed by a body corporate. The real owners of all the net assets of any corporation are the stockholders. * * *

"Can anything be plainer than the fact that the owner of property has a clear right to inspect his own property? When the owner of property selects an agent or agents to care for and manage his property, how can that act be held to clothe agent with power to manage the owner as well as to manage the property, and to prevent the owner from even looking at his own property except he do so pursuant to the rules and restrictions promulgated by the agent, who is wholly without power or authority to formulate any such rules or regulations? Are we to forget and abandon all the law pertaining to the relation of principal and agent? True, a body corporate must act through agents, simply because it cannot function in any other manner. It must, however, be kept in mind that the stockholders formulate and adopt the code of regulations which governs the directors and agents of the corporation. The stockholders elect the board of directors, and when we seek the source of any power exercised by the directors, or any other agent of the corporation, we trace it at once to the stockholders. If the acts of the stockholders touching the assets and business affairs of the corporation are not attended by a presumption of good faith and honesty of purpose, wherein shall we discover the good faith and honesty of purpose of the directors and other agents of the corporation, who are so ready to impute dishonesty and bad faith to their principals and employers? It is really somewhat difficult to consider with patience a proposition that is so at variance with the law applicable to the relation of principal and agent and master and servant.

"* * * When the stockholder is asking the right to inspect the corporate books, records, papers, and documents, or the corporate property, such request is attended by a presumption of good faith and honesty of purpose until the contrary is made to appear by evidence produced by the officers or agents who are seeking to defeat such inspection. The burden of proof on this question should not be borne by the stockholder, but should be borne by the agents or officers objecting to the inspection."

We are unanimously of the opinion that appellant has failed to sustain the burden imposed upon it of showing that appellee's request for an inspection is for unreasonable or improper purposes, and regard'ess of the burden of proof, the evidence in this record would not, in our opinion, warrant the court in finding that appellee's demand for an inspection was for unreasonable or improper purposes, within the meaning of said statute.

It is further urged by appellant that the provisions of the Securities Exchange Act of 1934, and the regulations passed in pursuance thereof, especially Rule LA6 of Release No. 378 (Class A), furnish to appellee a complete and adequate remedy, and that therefore this court ought not to exercise its equity jurisdiction to grant to appellee a mandatory injunction.

Our attention has been directed to §78bb of the Securities Exchange Act of 1934, and particularly to the first part of subdivision (a) thereof, as follows:

"The rights and remedies provided by this chapter (Chapter 2B, U. S. Code, Compact Edition) shall be in addition to any and all other rights and remedies that may exist at law or in equity * * *."

Inasmuch as the act itself provides that its provisions shall be cumulative to "any and all other rights and remedies that may exist at law or in equity," we think that it may not be properly claimed that the provisions of the act, and of regulations passed in accordance therewith, may be said to constitute an exclusive remedy, which would be so full, complete and adequate as to oust a court of the right to exercise its equity jurisdiction by way of injunction.

Under the statutes above quoted, we are of the opinion that this corporation, being a creature of the Ohio law, is required to keep the various books and records enumerated in the statutes, and to make the same available at all reasonable times for inspection by shareholders; and we accordingly order the appellant to deliver to its office in Akron, Ohio, on or before 9 A. M. on the 10th day of April, 1936, its books of account, its list or lists of shareholders and their addresses, the records of the issuance and transfer of shares of stock, the corporate record of the appellant company, and the contract or contracts referred to in appellee's reply between Ward M. Burgess and Marlowe Devices, Inc., and between said Ward M. Burgess and the Mergenthaler Linotype Co.

Further, that appellant permit appellee, his agents and attorneys, to examine any and all of said records and contracts, and to make copies thereof as they or any of them may desire; such examination to commence on the 11th day of April, 1936, at 9

o'clock A. M., and be continued from day to day, during business hours, until completed, but in no event to extend beyond April 25, 1936, at 12 o'clock noon. Said books, records, lists and contracts shall be and remain at appellant's Akron office and not be removed therefrom before 12 o'clock noon on April 25, 1936.

A decree may be drawn in accordance herewith.

FUNK, PJ, and WASHBURN, J, concur in judgment.