**CORNELL v NESTLE LeMUR CO.**

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17708.   Decided April 15, 1940.

Ernest Cornell, Esq., Cleveland, for plaintiff-appellee.

Garfield, Cross, Daoust, Baldwin & Vrooman, Cleveland, for defendant-appellant.

## OPINION

By TERRELL, PJ.

Plaintiff is a stockholder in the defendant corporation, and filed a petition in the Court of Common Pleas of Cuyahoga County, asking for a mandatory injunction requiring the defendant company to bring into Cleveland, Ohio, all its books of accounts and records so that he, as a stockholder, could examine them.

Upon trial, the Court of Common Pleas granted the prayer of the plaintiff for mandatory injunction. Whereupon, the defendant brings this appeal for reversal of said judgment.

The facts are not in dispute and as pertinent to the issues here involved may be briefly stated as follows:

The defendant corporation is an Ohio corporation with its statutory principal office and place of business at Cleveland, Ohio. For many years the business was conducted from the office at Cleveland, Ohio, and its records and books of accounts were kept here. About ten (10) years ago the sole business office, manufacturing plant and other facilities of the defendant corporation were moved to the City of New York and all the officers active in the management of the affairs of the Company reside there in and around the City of New York. All of the business operations of the defendant company are conducted from New York City, and all of the books of accounts and corporate records of the company, with but one exception, are maintained there. The exception is the defendant company's stock ledger and transfer book which is maintained at the office of the defendant's duly appointed transfer agent in the City of Cleveland, Ohio. in accordance with the statute. This state of affairs existed at the time that the plaintiff became a stockholder in the company, having acquired ten shares.

In October, 1939, the plaintiff, in writing, demanded that pursuant to §8623-63 GC, he be permitted to inspect the records and books of accounts and that for his convenience the said rec-

ords and books of accounts be transmitted to the City of Cleveland from the City of New York. He was notified by the defendant that he would be granted permission to inspect the books of accounts and records at the place of business of the defendant company in the City of New York, at any reasonable time. Thereupon the action for mandatory injunction was filed, praying that the defendant be required to transmit the said books of accounts and records to Cleveland for plaintiff's inspection. The record also shows that said books of accounts and records are in daily use in the City of New York by more than thirty officers and employees in the conduct of the defendant company's business, and if the said books and records are required to be brought to Cleveland, the said officers and employees must remain inactive until the books are returned, and that in addition the work of more than one hundred and fifty (150) employees would be seriously impaired or completely halted and the sales and business of the company would be greatly affected.

The relevancy of this latter evidence was objected to by the ▉▉▉▉▉ plaintiff. The objection was overruled. and we conclude that the said evidence is competent and proper.

Counsel for the plaintiff contends that since this corporation is an Ohio corporation, and since the corporation statutes require the company to keep books of accounts and records, that therefore said books of accounts and records should be maintained and kept in the State of Ohio at its statutory principal office.

It is apparent under the statutes that an Ohio corporation may conduct business to any extent outside of the State of Ohio. Whether or not an Ohio corporation must keep its records of accounts and books at its principal office in Ohio, must be determined by a review of the statutes.

Sec. 8623-63 GC, provides:

"Every corporation shall keep and maintain adequate and correct accounts of its business transactions, including accounts of its assets * * * together with such particular accounts as are required by this Act.

The books of accounts, lists of shareholders and their addresses * * * shall be open to the inspection of every shareholder at all reasonable times, save and except for unreasonable and improper purposes."

No where in this statute is the corporation limited to the keeping of its books in the State of Ohio. The corporation is commanded by this Statute only to keep and maintain adequate correct accounts of its business transactions. Without any further limitation by statute, it would follow logically that the corporation may keep such accounts at the place where its business is transacted, even though it be outside of the State of Ohio.

We come to the conclusion therefore, that it is not absolutely ▉▉▉▉▉ necessary that such records of business of the corporation be kept at its principal office in the State of Ohio.

The case of **Frank v National Rubber Machinery Company, 22 Abs 53,** is cited to us as authority to sustain the claim that an Ohio corporation is bound to keep its records of accounts in its principal office in the State of Ohio. A review of this case would lead to the conclusion that the courts of Ohio have the power to compel an Ohio corporation to bring its books of accounts and records into the State of Ohio for purposes of examination by a stockholder. We are not in disagreement with that principle ▉▉▉▉▉ when the facts would justify a court of equity in the exercise of such power.

It has been disclosed to us in argument that the plaintiff in the Frank case, a stockholder, attempted to examine the books of accounts and records of the company at its place of business in Ohio, and that thereupon the said books and records were secreted and were taken to another State and that

plaintiff, stockholder, attempted to examine said books and records in said other State but was denied the privilege thereof.

Such facts warranted the court in issuing a mandatory injunction requiring said books and records to be brought into the State of Ohio for examination.

In the case at bar no such facts are shown. The books and records of this defendant corporation for ten years and at all times during which plaintiff was a stockholder, were kept in the State of New York. There was no attempt to deny plaintiff the right of inspection of said books and records. To require said company to ship the said books and records to the State of Ohio for the convenience of the plaintiff shareholder, would greatly inconvenience the company, which means that all the other stockholders of the company would thereby be greatly inconvenienced for the sole convenience of this one plaintiff stockholder. The business of the company would thereby be interrupted to its obvious detriment.

Granting that a court of equity of the State of Ohio has the power to command the production of said books and records in the State of Ohio, for the examination by a stockholder, before the court should exercise this power the equities should be balanced in favor of the plaintiff. The facts in this case would not warrant such an action by the court which would interrupt the business of the defendant company to the great damage of the company and all other stockholders for the convenience of this one plaintiff stockholder. Such mandatory injunction should be issued only in extraordinary cases. Apparently the Frank case was an extraordinary case.

If such mandatory injunction were issued as a matter of course without first balancing the equities of the parties, it may well be conceived that a small group of small stockholders, not having the best interests of the company at heart, and having the interests of some competitor uppermost in mind, could thoroughly harrass such a company by a method of each small stockholder successively demanding the transportation of the books and records of said company from New York to Ohio, and thereby keeping the books and records in a constant state of transportation causing the business of the company to be utterly dissipated to the great damage of all the other stockholders. This is a result certainly not to be desired or countenanced by this court, unless the law is clear that would dictate such a result. There is no clear mandate in the law covering this result.

The equities of this case are not with the plaintiff. In balancing the conveniences of the parties it would seem that the plaintiff will be less inconvenienced by going to New York to examine the books and records of the company where they have been kept for the last ten years, than all the stockholders would be inconvenienced and damaged by the sending of the books and records of the company to Ohio.

We have therefore concluded that the said mandatory injunction should not issue.

Decree for defendant.

LIEGHLEY, J. & MORGAN. J., concur.